```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
                              )
JOANNE BENNETT and RALPH TRAVERS )
                              )
             Plaintiffs,      )
                              )
        v.                    )   CIVIL ACTION
                              )   NO. 12-10377-WGY
ANGELA AMADIO, FEDERAL HOME   )
LOAN MORTGAGE CORPORATION,    )
DAVID H. FLETCHER, FEDERAL HOME )
LOAN FUNDING CORPORATION      )
                              )
             Defendants.      )
_____)
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                      October 23, 2012


I.   INTRODUCTION

In this case arising out of the installation of a septic system between two neighboring lots, the plaintiffs, Joanne Bennett ("Bennett") and Ralph Travers ("Travers"), allege that a septic system for a lot owned by Angela Amadio ("Amadio") partially trespasses into Bennett's land.  Furthermore, Bennett alleges that the raised leaching field for the septic system causes water to run off unnaturally and trespass into her property.  Amadio moves to dismiss this claim, alleging that the prior owner of her lot installed the septic system and built the raised leaching field before she took possession of the land.  As

such, she is not responsible for the trespass.  Co-defendant Federal Home Loan Mortgage Corporation ("Federal Home Mortgage") opposes Amadio's motion for the same reasons as the Plaintiffs to preserve its rights to indemnification in the event Bennett and Travers prevail.

### A. Procedural Posture

Bennett and Travers originally filed suit in Bristol County Superior Court naming Amadio as a defendant with respect to Count II of their Complaint, claiming Trespass.  Compl. ¶¶ 38-43, ECF No. 2-1.  The case was subsequently removed to the United States District Court for the District of Massachusetts on February 29, 2012.  Notice of Removal, ECF No. 2.  Amadio filed her motion to dismiss on May 16, 2012.  Def. Angela Amadio's Mot. Dismiss, ECF No. 8; Def. Angela Amadio's Mem. Supp. Her Mot. Dismiss, ECF No. 9.  On May 31, 2012, Bennett and Travers filed their opposition to Amadio's motion.  Pls.' Opp'n Def. Angela Amadio's Rule 12(b)(6) Mot. Dismiss, ECF No. 12; Pls.' Mem. Supp. Their Opp'n Def. Angela Amadio's Mot. Dismiss ("Pls.' Opp'n"), ECF No. 13.  Co-defendant Federal Home Mortgage likewise opposed Amadio's motion, Def. Federal Home Loan Mortgage Corp.'s Opp'n Def. Angela Amadio's Mot. Dismiss, ECF No. 14; Mem. Supp. Def. Federal Home Loan Mortgage Corp.'s Opp'n Def. Angela Amadio's Mot. Dismiss ("FHC Mem."), ECF No. 15, and amended its Answer to the Complaint on June 17, 2012, to include a cross-claim against co-defendants

Amadio and David H. Fletcher ("Fletcher").  Def. Federal Home Loan Mortgage Corp.'s Am. Answer Compl. Affirmative Defenses & Cross-cl., ECF No. 20.

**B.  Facts Alleged**

Bennett owns real property located at 99 Chestnut Street, Seekonk, Massachusetts.  Compl. ¶ 1.  Travers owns real estate located at 109 Chestnut Street.  Id. ¶ 2.  A parcel at 89 Chestnut Street is adjacent to Bennett's parcel.  Id. ¶¶ 12-13.  Federal Home Mortgage previously owned 89 Chestnut Street.  Id. ¶ 5.  Federal Home Mortgage, through the Federal Home Loan Funding Corp. ("Federal Loan Funding"), hired Fletcher to repair the septic system in November, 2010.  Id. ¶¶ 17-18, 33.  In the course of the repair, Fletcher cut five trees from Bennett's property, id. ¶ 19, and installed a "raised septic system," including a raised leaching field, id. ¶¶ 27-31.  The leaching field has dirt sides which slope onto Bennett's property, id. ¶ 29, and cause water to run off unnaturally and trespass onto Bennett's property, id. ¶ 31.

Amadio is the current owner of the parcel located at 89 Chestnut Street.  Id. ¶ 4.  The original trespass occurred before Amadio's acquisition of that property.  Id. ¶ 33.

**C.  Federal Jurisdiction**

Jurisdiction is proper under 28 U.S.C. § 1331.  This case arises under the laws of the United States.  See 12 U.S.C. §

1452. Federal Home Mortgage is a corporate entity created by the United States and organized and existing under the terms of the Emergency Home Finance Act of 1970, Pub. L. No. 91-351, 84 Stat. 450 (codified as amended at 12 U.S.C. §§ 1451-1459). Federal district courts have jurisdiction over any civil action, case, or controversy where Federal Home Mortgage is a party and such actions may be removed to a federal district court any time prior to trial. 12 U.S.C. § 1452(f)(2)-(3).

## II.  ANALYSIS

### A.  Legal Standard[1]

"A Rule 12(c) motion . . . implicates the pleadings as a whole. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated like a Rule 12(b)(6) motion to dismiss. Downing v. Globe Direct LLC, 682 F.3d 18, 22 (1st Cir. 2012). Because a motion for judgment on the pleadings "involves some assessment of the merits," the Court must "view the facts contained in the pleadings in the light most favorable

---

[1] The parties informed the Court that cases 12-10377 and 12-10405 were the same. On April 2, 2012, this Court consolidated both cases to the lower case number (12-10377) and closed the other (12-10405). On March 15, 2012, Federal Home Mortgage filed its responsive pleadings. Def. Federal Home Loan Mortgage Corp.'s Answer Compl. Affirmative Defenses, ECF No. 8 (12-10405); Def. Federal Home Loan Mortgage Corp.'s Answer Def. Angela Amadio's Cross-cl. Affirmative Defenses, ECF No. 9 (12-10405). Similar responsive pleadings have not been filed in case 12-10377. This Court will treat Amadio's motion under 12(b)(6) as a motion for judgment on the pleadings under Rule 12(c).

to the party opposing the motion [- here, the plaintiffs Bennett and Travers and co-defendant Federal Home Mortgage -] and draw all reasonable inferences in [their] favor." Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007).  A "court may not grant a defendant's Rule 12(c) motion 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (quoting George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977)).  The Court assumes without deciding that the Twombly-Iqbal standard applies to motions for judgment on the pleadings as well as to motions to dismiss.  See Soto-Torres v. Fraticelli, 654 F.3d 153, 155-56 (1st Cir. 2011). Here the result is the same whichever standard is employed.

**B.   Trespass**

Bennett advances two claims against Amadio: 1) the raised septic system is on Bennett's land, Compl. ¶ 40, and 2) a raised leaching field causes water to run off onto her property, id. ¶ 41.

In the "majority of encroachment cases, the landowner is entitled to removal even 'when the encroachment is [sic] unintentional or negligent and the cost of removal is substantial in comparison to any injury suffered by the owner of the lot upon which the encroachment has taken place.'" Russo v. Gulla, No.

2000-1375-C, 2002 WL 1805420, at *2 (Mass. Super. Ct. Aug. 6, 2002) (Agnes, J.) (quoting Capodilupo v. Vozzella, 46 Mass. App. Ct. 224, 226 (1999)) (holding that a "well, located between 6 inches and 14 3/4 inches from the boundary line, is a significant encroachment . . . . Further, requiring the defendants to remove the well and build a new one on their property is not a substantial burden," Russo, 2002 WL 1805420, at *3). Artificial collecting, channeling, and discharging of surface waters onto another's land without legal right constitutes a continuing trespass. Chesarone v. Pinewood Builders, Inc., 345 Mass. 236, 240 (1962); see also Gencarelli v. Commonwealth, No. WOCV200801793D, 2012 WL 1994729, at *2 (Mass. Super. Ct. Mar. 20, 2012) (Wrenn, J.)).

Neither party disputes that Amadio was not the owner of real property at 89 Chestnut Street during the planning, preparation, repair, or installation of the raised septic system and leaching field. Pls.' Opp'n 2. Bennett alleges, however, that Amadio had knowledge of the ongoing trespass, and yet has not fulfilled her duty to mitigate damages by building a retaining wall. Id. at 2-3.

As to Bennett's first claim, although Amadio did not set in motion any of the acts that caused the initial trespass, the raised septic system remains on Bennett's land, and therefore, Amadio may still be liable for the continuing trespass as to the

septic system. Carpenter v. Texaco, Inc., 419 Mass. 581, 583 (1995) (noting that "a continuing trespass or nuisance must be based on recurring tortious or unlawful conduct and is not established by the continuation of harm caused by previous but terminated tortious or unlawful conduct").[2]

As to Bennett's second allegation, Amadio is not liable for trespassing with respect to the water runoff. The claim in this case is similar to the claim alleged in Rubin v. Walpate Const. Mgmt., Inc., No. 98-6146, 1999 WL 706710 (Mass. Super. Ct. Aug. 24, 1999) (Sosman, J.), where plaintiffs claimed that new owners failed "to terminate the continuing entry of water." Id. at *3. The Rubin court observed that the new owners of the land did not contribute or cause the water to flow onto the plaintiffs' parcel. Id. Instead, the alterations to the land that allegedly diverted the water were made by the prior owner, a construction company. Id. The Rubin court concluded that "liability with respect to the water runoff may be pursued under a theory of private nuisance based on alleged 'unreasonable use' of their property . . . . However, in the absence of any affirmative act on the part of the [new owners] in directing the water towards

---

[2] Viewing the facts contained in the pleadings in the light most favorable to the parties opposing the motion, this Court does not decide whether the alleged trespass is 'trivial' or de minimis. Russo, 2002 WL 1805420, at *2-3 (citing Restatement (Second) of Torts § 941, Comment c at 583 (1979)(minimal encroachment is described as 4 inches)).

the plaintiffs' property, the trespass count must be dismissed as to them."[3]  Id.

Here, however, Bennett and Travers do not allege a claim for nuisance.  See Compl. ¶¶ 32-78 (enumerating the 8 counts); see also FHC Mem. 4 n.3 (noting that "plaintiffs do not allege a claim for nuisance against Amadio").  Bennett and Travers's only claim against Amadio is for trespass.  See Compl. ¶¶ 32-78 (enumerating the 8 counts).  Moreover, Amadio did not contribute or cause the water to flow onto Bennett's parcel; rather, the prior owner allegedly built the leaching field which diverts water onto Bennett's property.  Compl. ¶¶ 31, 33.  Therefore, in the absence of an affirmative act by Amadio, Bennett and Travers's claim against Amadio for trespass with respect to water runoff must fail.

## III. CONCLUSION

For the above mentioned reasons the motion to dismiss [ECF No. 8] is DENIED as to the raised septic system because that

---

[3] Bennett and Travers have not brought a private nuisance claim.  The Rubin court held that new owners may be liable for private nuisance when they maintain a condition on their property that causes a substantial and unreasonable interference with the use and enjoyment of the property of another.  1999 WL 706710, at *2.  Therefore, the Rubin court denied a motion for summary judgment because "[t]he complaint allege[d] that defendants' 'interference with the natural flow of water was unreasonable' and . . . [the current owners] are the ones now maintaining and continuing the condition that gives rise to that alleged 'unreasonable' interference."  Id. at *3

system remains partially on Bennett's land, and ALLOWED as to the raised leaching field causing the water runoffs because the new owner (Amadio) did not perform any affirmative act in directing the water towards Bennett's property.

    SO ORDERED.

                                                /s/ William G. Young
                                                WILLIAM G. YOUNG
                                                DISTRICT JUDGE